LETTS, Judge.
In Ross v. State, 426 So.2d 1228 (Fla. 4th DCA 1983), we found no reversible error as to the sentence imposed except for:
1. Failure to make written findings pursuant to Section 39.111(6)(d), Florida Statutes (1981).
2. Failure to enter a written order justifying the retention of jurisdiction pursuant to Section 947.16(3)(a), Florida Statutes (1981).
Accordingly, another panel of this court remanded this cause for the purpose of complying with the above two numbered paragraphs. However, the trial court did not follow the mandate and instead resen-tenced the defendant to a significantly shorter term. It later realized its mistake and tried to comply with our original mandate by entering written findings and reinstating the original sentence.
The defendant takes great issue with the trial court’s attempts to comply with our mandate claiming double jeopardy attached when the trial court withdrew the resen-tencing and reinstated the original sentence. We reject that argument because the trial court had no authority to resen-tence the defendant in the first place under our original Ross[1] mandate. Instead, it should have only carried out the terms of that pronouncement and the first resen-tencing was a nullity as was the second.
We are tempted to label as harmless error the later efforts to modify and then reinstate the original sentence, out of time as they were. However, the trial court has, so far as our record shows, still not entered a written order justifying the retention of jurisdiction. Thus, though we agree with the trial judge that all this is a waste of judicial labor, we must, at the insistence of the Public Defender, remand this case once more to dot the “i’s” and cross the “t’s.” Hopefully, that will be the end of the matter.
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.

. This is not a matter under Florida Rule of Criminal Procedure 3.800(b) which permits a trial judge to modify or reduce a sentence upon the receipt of a mandate from ah appellate court because far more than 60 days had elapsed.